**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

CHRISTOPHER WOODS
5139 Reidland Road
Paducah, Kentucky 42003

PLAINTIFF

v.

EXCELL MARINE CORPORATON
6521 River Road
PO Box 33049
Cincinnati, OH 45233

        Serve:  James W. Reinhardt
                 8220 N Creek Drive
                 Suite 220
                 Cincinnati, OH 45244

DEFENDANT

Case No. **1107 CV 376**

**BECKWITH**
**J. HOGAN**

**COMPLAINT**

---

Comes now Plaintiff, Christopher Woods, by and through his attorneys, Saladino,

Oakes, & Schaaf, PLLC and Steven C. Schletker, to file this Complaint against Defendant Excell

Marine Corporation (hereafter Excell Marine) as follows:

PARTIES, JURISDICTION AND VENUE

1.      This action is being brought pursuant to Title 46 U.S.C. § 688 *et. seq.* (the Jones

Act), the General Maritime Law of the United States and 28 U.S.C. § 1333 (1). At all times

pertinent herein, Defendant was a corporation organized and existing under the laws of the State

of Ohio.

2.      The Defendant operates a fleet of vessels on the inland rivers of the United States,

including the Ohio River, within this District and Division.

3.      The Defendant is subject to personal jurisdiction in the State of Ohio. Its principal place of business within this District is 6521 River Road, Cincinnati, Ohio, 45233.

4.      The Plaintiff is an American seaman and at all times relevant hereto was a member of the crew of a vessel owned, operated and maintained by the Defendant.

5.      At all times relevant hereto, the Defendant owned, operated, crewed, managed, provisioned, controlled and had possession of the *M/V River Beaver*, later renamed the *M/V Russell R. Painter, Jr.* (hereafter *M/V Russell R. Painter, Jr.*)

6.      At all times relevant hereto, Plaintiff served as a member of the crew of the *M/V Russell R. Painter, Jr.* and his duties contributed to the function of the vessel and tow.

COUNT I – THE JONES ACT

7.      On or about February 2, 2006, Plaintiff was working in the course and scope of his employment with Defendant as a member of the crew of the *M/V Russell R. Painter, Jr.* and was furthering the mission of the vessel when he was caused to sustain serious and permanent injuries to his body due to the tortuous acts, conduct, negligence and/or gross negligence of Defendant, Excell Marine.

8.      Plaintiff's injuries and damages were caused in whole or in part as a result of the negligent acts and omissions of Excell Marine, and/or its agents and employees in one or more of the following respects:

        a.      The pilot or captain ran the tow aground, causing it to become stuck;

        b.      In an effort to free the vessel and tow, the pilot or captain caused excessive pressure to be exerted on the wiring and rigging, causing same to break and strike the Plaintiff, resulting in severe injuries to the Plaintiff;

        c.      Defendant failed to provide or maintain proper safety equipment on the vessel;

- 2 -

      d.     Defendant negligently provided Plaintiff with a vessel, equipment and crew that were inadequate to perform the assigned task;

      e.     Defendant failed to provide Plaintiff with a reasonably safe place to work;

      f.     Defendant failed to provide reasonably safe conditions for Plaintiff's work;

      g.     Defendant failed to adequately and properly supervise the crew of the vessel;

      h.     Defendant failed to properly implement and/or enforce substance abuse policies, protocols and procedures;

9.     As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff suffered injuries and consequent damages.

10.     The injuries Plaintiff suffered as a result of Defendant's negligence include, but are not limited to, a torn posterior cruciate ligament and lateral structures in right knee; compartment syndrome of the right foot status post blunt trauma, crush injury with fractures of the navicular, middle and lateral cuneiform bones of the right foot.

11.     As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff has endured and will continue to endure severe pain and suffering, mental anguish, injury, has lost wages and will suffer a loss, reduction and diminution of the capacity to earn wages in the future, has incurred medical expenses and will continue to incur medical expenses in the future and has otherwise been injured and damaged.

## COUNT II - UNSEAWORTHINESS

12.     Plaintiff re-alleges and reaffirms each and every allegation contained in Count I and previous paragraphs of his Complaint as if fully stated herein.

13.     Plaintiff's injuries were caused in whole or in part as a result of the unseaworthiness of the *M/V Russell R. Painter, Jr.*, its crew, rigging, appliances, gear, tools and

3

equipment in one or more of the following respects:

        a.    The pilot or captain ran the tow aground, causing same to become stuck;

        b.    In an effort to free the vessel and tow, the pilot or captain caused excessive pressure to be exerted on the wiring and rigging, causing same to break and thereafter strike the Plaintiff, resulting in severe injuries to Plaintiff;

        c.    Defendant failed to provide or maintain proper safety equipment on the vessel;

        d.    Defendant provided Plaintiff with a vessel, equipment and crew that were inadequate and otherwise unseaworthy;

        e.    Defendant failed to provide Plaintiff with a reasonably safe place to work;

        f.    Defendant failed to provide reasonably safe conditions for Plaintiff's work;

        g.    Defendant failed to adequately and properly supervise the crew of the vessel;

        h.    Defendant failed to properly implement and/or enforce substance abuse policies, protocols and procedures;

14.    As a result, in whole or in part, of one or more of the foregoing unseaworthy conditions, Plaintiff suffered injuries and consequent damages.

15.    The injuries Plaintiff suffered as a result of the unseaworthiness of Defendant's vessel and tow include, but are not limited to, a torn posterior cruciate ligament and lateral structures in right knee; compartment syndrome of the right foot status post blunt trauma, crush injury with fractures of the navicular, middle and lateral cuneiform bones of the right foot.

16.    As a result, in whole or in part, of one or more of the above listed unseaworthy conditions, Plaintiff has endured and will continue to endure severe pain and suffering, mental anguish, injury, has lost wages and will suffer a loss, reduction and diminution of the capacity to earn wages in the future, has incurred medical expenses and will continue to incur medical expenses in the future and has otherwise been injured and damaged.

## COUNT III – MAINTENANCE AND CURE

17.     Plaintiff re-alleges and reaffirms each and every allegation contained in Counts I & II and the previous paragraphs of his Complaint as if fully stated herein.

18.     On or about February 2, 2006, Plaintiff was working in the course and scope of his employment with Defendant as a member of the crew of the *M/V Russell R. Painter, Jr.* and was furthering the mission of the vessel when he was caused to sustain serious and permanent injuries to his body.

19.     As a result of the injuries and consequent damages arising while in service to the *M/V Russell R. Painter, Jr.* on or about February 2, 2006, Plaintiff has incurred necessary medical expenses to date and is likely to incur medical expense in the future.

20.     As a result of the injuries and consequent damages arising while in service to the *M/V Russell R. Painter, Jr.* on or about February 2, 2006, Plaintiff has incurred expenses including the cost of food and lodging and the cost of transportation to and from medical facilities.

WHEREFORE, Plaintiff, Christopher Woods, prays for judgment against Defendant Excell Marine for appropriate damages under the Jones Act, the General Maritime Law and for maintenance and cure. Plaintiff prays for damages arising from his physical and mental pain and suffering to date; physical and mental pain and suffering reasonably likely to be experienced in the future; reasonable expenses of necessary medical care incurred to date; reasonable expenses of necessary medical care likely to be incurred in the future; permanent disfigurement; lost wages and benefits incurred to date; the permanent loss, decrease and diminution of Plaintiff's earnings capacity in the future; punitive damages; costs of this lawsuit; pre-judgment and post judgment interest, attorneys fees; and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted:

/s/ Steven Schletker
Steven Schletker (60127)
Trial Counsel for Plaintiff
50 East RiverCenter Boulevard
Suite 220
Covington, Kentucky 41011
Telephone: (859) 491-3999
Email: InreSteve@aol.com


/s/ Gary E. Schaaf
Gary E. Schaaf (KBA 84790)
Co-Counsel for Plaintiff
700 Clark Street
P.O. Box 1246
Paducah, Kentucky 42002-1246
Telephone: (270) 444-0406
Email: garyschaaf@saladinolaw.com